**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PERFORMANCE DRILLING TECHNOLOGY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| VON ENERGY SERVICES, LLC, VON DIRECTIONAL SERVICES, LLC, INDUSTRY RESOURCE MANAGEMENT, LLC, MICHAEL R. CANADA, QUINTEN R. BERTELSEN, JENNIFER E. BERTELSEN, LESLIE L. CORMAN, and JOHN H. SLOCUM, | § § § § § § § § | Civil Action No.<br><br>Jury Trial Demanded |
| Defendants. | § § § | |

## COMPLAINT

Plaintiff Performance Drilling Technology, Inc. (hereinafter "PDT"), complains of Defendants Von Energy Services, LLC ("Von Energy"), Von Directional Services, LLC ("Von Directional"), Industry Resource Management, LLC ("IRM"), Michael R. Canada, Quinten R. Bertelsen, Jennifer E. Bertelsen, Leslie L. Corman, and John H. Slocum (together, "Defendants"), and for its causes of action shows the following:

### THE PARTIES

1.      PDT is a Texas corporation with its principal place of business in Houston, Harris County, Texas.

2.      Von Energy is a Texas limited liability corporation that conducts business in this District on a regular and ongoing basis, and may be found in this District.  It may be served with

process through its registered agent, Mark Pardon, at 1980 Post Oak Blvd, FL 24th, Houston, Harris County, Texas 77056-3899, or wherever he may be found.

3.      Von Directional is a Texas limited liability corporation that conducts business in this District on a regular and ongoing basis, and may be found in this District.  It may be served with process through its registered agent, Mark Pardon, at 1980 Post Oak Blvd, FL 24th, Houston, Harris County, Texas 77056-3899, or wherever he may be found.

4.      IRM is a Texas limited liability corporation that conducts business in this District on a regular and ongoing basis, and may be found in this District.  It may be served with process through its registered agent, United States Corporation Agents, Inc., at 9900 Spectrum Dr., Austin, TX 78717-4555, or wherever it may be found.

5.      Michael R. Canada is an individual residing in Conroe, Montgomery County, Texas and may be served with process at his place of business, 4430 Chateau Creek Way, Spring, TX 77396, or his residence at 31872 Forest Oak Ln., Conroe, TX  77385-5126, or wherever he may be found.

6.      Quinten R. Bertelsen is an individual residing in Cypress, Harris County, Texas and may be served with process at his residence, 26322 Pleasant Knoll Ln, Cypress, TX 77433-2852, or wherever he may be found.

7.      Jennifer E. Bertelsen is an individual residing in Cypress, Harris County, Texas and may be served with process at her residence, 26322 Pleasant Knoll Ln, Cypress, TX 77433-2852, or wherever she may be found.

8.      Leslie L. Corman is an individual residing in Nacogdoches, Nacogdoches County, Texas and may be served with process at his residence, 1182 Country Road 723, Nacogdoches, TX 75964, or wherever he may be found.

9.     John H. Slocum is an individual residing in Midland, Midland County, Texas and may be served with process at his residence, 5307 Half Moon Cir., Midland TX 79707, or wherever he may be found.

10.     Von Energy, Von Directional, IRM, Michael Canada, Quinten Bertelsen, Jennifer Bertelsen, Leslie Corman, and John Slocum are collectively referred to as "Defendants".

## JURISDICTION AND VENUE

11.     This is an action for copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§ 101 *et seq*.

12.     Additionally, a claim is brought pursuant to 17 U.S.C. § 1201 *et seq*. (hereinafter the Digital Millennium Copyright Act or "DMCA").

13.     This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338.

14.     Each of the Defendants is subject to the personal jurisdiction of this Court because each resides in this District and/or solicits and transacts business in this District on a regular basis, and because acts complained of herein occurred and are occurring in this District.

15.     Venue in this District is proper under 28 U.S.C. § 1400(a) as one or more of the Defendants may be found in this District, a substantial part of the events giving rise to the claims at issue in this action occurred in this District, and all Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

16.     PDT is an oil field drilling technology company that creates and licenses software products used in the oil drilling industry for monitoring directional wells, and recording and reporting bottom-hole assembly builds and daily well activity.  PDT is the owner of registered

copyrights for its software products, including WinSERVE™ and WinSURV2™ (collectively "the PDT Software").

17.     PDT's copyrights in the PDT Software have been registered with the United States Copyright Office as Registration Nos. TX 7-434-779, TX 7-434-780, TX 7-434-781, and TX 7-434-784.  True and correct copies of PDT's Certificates of Registration from the United States Copyright Office are attached as Exhibits A-D.

18.     The PDT Software are original works that are copyrightable subject matter under 17 U.S.C. §§ 101 *et seq*.

19.     The PDT Software includes technological measures that control access to the PDT Software and permits only authorized users to access the software.  When an authorized user launches the PDT Software on a computer, the software polls to see if a Hardware Key (also known as a "HASP key" or "dongle") is present.  A HASP key is a hardware device that PDT provides to a licensed user of the PDT Software that plugs into the USB port of the computer using the PDT Software.  Just as a physical lock requires a key to open it and permit access to whatever is beyond it, the PDT Software requires a HASP key for access.  If a valid HASP key is plugged into a USB port, the PDT Software will launch and run on the computer.  Without a valid HASP key, access to the program is blocked and the program will not run.  Similarly, the PDT Software also checks for a valid HASP key each time the PDT Software attempts to generate a report.  If a valid HASP key is found, the requested report is run and the PDT Software embeds the identification number of the HASP Key in the report.  On the other hand, if a valid HASP key is not found, the PDT Software issues an error message and will not generate a report, thereby denying access to a user who does not have a valid HASP key attached to the computer.

4

20.     For each license purchased by a customer, PDT provides one HASP key to use the PDT Software.  This technological measure is designed so that only one authorized user at a time can use a licensed copy of the PDT Software.  This security feature is a technological measure that effectively controls access to the PDT Software and protects the copyrighted software in the ordinary course of its operation by preventing, restricting, or otherwise limiting access to the PDT Software.

21.     However, just as skilled criminals may defeat physical locks by using a physical lock pick, software pirates may use nefarious methods or "software lock picks" to circumvent technological measures to protect copyrighted software.  One such "software lock pick" is a "spoofing" program, otherwise known as an "emulator" or "dongle emulator" (hereinafter, the "Lock Pick").  The Lock Pick in this case is a separate program from the PDT Software that tricks the PDT Software into believing a legitimate HASP key is plugged into the computer, thereby circumventing the technological means that PDT has employed to prevent access to the PDT Software by unauthorized users.

22.     The Lock Pick was created by unknown persons but has been and is distributed and used amongst those who pirate the PDT Software and can, therefore, be accurately called software thieves.

23.     Defendants Von Energy and Von Directional, and the individuals involved in the management of these and affiliated entities, have each reproduced and distributed copies of the Lock Pick to facilitate their widespread piracy of the PDT Software, including but not limited to distributing copies of the Lock Pick to their employees and contractors.  On information and belief, Von Energy and Von Directional required all employees and contractors to use Von-issued equipment loaded with copies of the Lock Pick and pirated copies of the PDT Software.

24.    On information and belief, Defendants serve the following roles with respect to each other:

a.    Von Energy and Von Directional are drilling services companies.

b.    IRM is a rental company that purports to rent copies of the PDT Software to Von Directional.

c.    Michael Canada is an owner/manager of Von Energy and listed on the Von Energy website as its President, with a direct financial interest therein and with the ability to supervise and control Von Energy and its activities, including its infringing activities.  On information and belief, Michael Canada directed Von Energy employees and contractors to use the "Lock Pick" to circumvent technological measures that control access to the PDT Software and to make copies of the PDT Software as further described below, directed the distribution of copies of the Lock Pick and the PDT Software, and/or he was aware of the infringing activities, benefited from them financially, and did nothing to stop them.

d.    Quinten Bertelsen is one of two co-owners and is listed in public records as "manager" (in the ownership sense) of IRM, with a financial interest therein and with the ability to supervise and control IRM and its activities, including its infringing activities as further described below.   On information and belief, Quentin Bertelsen directed the distribution of copies of the "Lock Pick" to be used by Von Energy/Von Directional employees and contractors to circumvent technological measures that control access to the PDT Software and to make copies of the PDT

Software as further described below, or he was aware of the infringing activities, benefited from them financially, and did nothing to stop them.

e.    Jennifer Bertelsen is the other co-owner of IRM, with a financial interest therein and with the ability to supervise and control IRM and its activities, including its infringing activities.   On information and belief, Jennifer Bertelsen directed the distribution of copies of the "Lock Pick" to be used by Von Energy/Von Directional employees and contractors to circumvent technological measures that control access to the PDT Software and the distribution of copies of the PDT Software, or she was aware of the infringing activities, benefited from them financially, and did nothing to stop them.

f.    Leslie Corman is an owner/manager at Von Directional, with a financial interest therein and with the ability to supervise and control Von Directional and its activities, including its infringing activities.   On information and belief, Leslie Corman directed Von Energy employees and contractors to use the "Lock Pick" to circumvent technological measures that control access to the PDT Software and to make copies of the PDT Software as further described below, directed the distribution of copies of the Lock Pick and the PDT Software, and/or he was aware of the infringing activities, benefited from them financially, and did nothing to stop them

g.    John Slocum is an officer (President) of Von Directional, with a financial interest therein and with the ability to supervise and control Von

Directional and its activities, including its infringing activities as further described below.  On information and belief, John Slocum directed Von Energy employees and contractors to use the "Lock Pick" to circumvent technological measures that control access to the PDT Software and to make copies of the PDT Software as further described below, directed the distribution of copies of the Lock Pick and the PDT Software, and/or he was aware of the infringing activities, benefited from them financially, and did nothing to stop them

25.     Von Energy and Von Directional have each made copies and/or derivatives of the PDT software by using the Lock Pick to cause copies of the PDT Software to be made and these copies to be loaded into the Random Access Memory (RAM) of computers used by Defendants' employees and contractors.  Such reproduction occurred each time Defendants used the Lock Pick to circumvent PDT's security features and start the PDT Software.  On information and belief, Defendants also would have generated at least ten reports from the pirated PDT Software each day while on a job to track drilling progress.  To generate each report, Defendants would again have to use the Lock Pick to circumvent PDT's protection measures in order to access the PDT Software module that generates reports.  Assuming conservatively that Defendants generated these reports only ten times a day, Defendants used the Lock Pick to circumvent PDT's protection measures to access the PDT Software at least ten times a day on a given job. These report-related Lock Pick uses were in addition to every time Defendants used each Lock Pick to circumvent PDT's security features to simply access the PDT Software upon startup of the PDT Software, for example at the beginning of a shift or while monitoring the progress of a job throughout a shift, without creating a report.  Every time one of Defendants' employees or

contractors used the PDT Software, that individual was using the Lock Pick to circumvent PDT's technological measures that control access to the PDT Software.

26.     On further information and belief, Von Directional installed copies of the Lock Pick and copies of the PDT Software on all of its office and field computers.  On further information and belief, Von Directional also serviced at least 80 wells using the Lock Pick and illegal copies of the PDT Software.

27.     IRM has created and distributed copies of the PDT Software by making copies of the PDT Software and renting them to Von Energy and Von Directional.

28.     Von Energy and Von Directional have each made copies and/or derivatives of the PDT Software by renting copies of the PDT Software from IRM, and thereafter causing copies of the PDT Software to be made and those copies to be loaded into the Random Access Memory (RAM) of computers used by their employees and contractors.

## COUNT I:  COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 101 *et seq.*)

29.     PDT re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 28 above.

30.     PDT is the owner of the entire right, title, and interest in and to all versions of the PDT Software.

31.     Von Energy, Von Directional, and IRM have each violated PDT's exclusive rights in the PDT Software (including the right to reproduce, right to prepare derivative works, and right to distribute) by reproducing, copying, publishing, distributing, selling, leasing, and/or creating copies of the PDT Software, and thus infringe PDT's copyrights and exclusive rights under copyright in the PDT Software.

32.     Pursuant to 17 U.S.C. § 504(b), PDT is entitled to recover its actual damages from Von Energy, Von Directional, and IRM.

33.     Pursuant to 17 U.S.C. § 504(b), PDT is entitled to recover from Von Energy all of its profits of that are attributable to its infringement.

34.     Pursuant to 17 U.S.C. § 504(b), PDT is entitled to recover from Von Directional all of its profits of that are attributable to its infringement.

35.     Pursuant to 17 U.S.C. § 504(b), PDT is entitled to recover from IRM all of its profits of that are attributable to its infringement.

36.     Alternatively, PDT is entitled to recover statutory damages from Von Directional, Von Energy, and IRM pursuant to 17 U.S.C. § 504(c).

37.     Michael Canada is vicariously liable for all acts of copyright infringement committed by Von Energy when he was a co-owner, manager, or member of Von Energy, and as such is jointly and severally liable for any award for copyright infringement entered in favor of PDT against Von Energy.

38.     Quinten Bertelsen is vicariously liable for all acts of copyright infringement committed by IRM when he was a co-owner, manager, or member of IRM, and as such is jointly and severally liable for any award for copyright infringement entered in favor of PDT against IRM.

39.     Jennifer Bertelsen is vicariously liable for all acts of copyright infringement committed by IRM when she was a co-owner, manager, or member of IRM, and as such is jointly and severally liable for any award for copyright infringement entered in favor of PDT against IRM.

40.     Leslie Corman is vicariously liable for all acts of copyright infringement committed by Von Directional when he was a co-owner, manager, or member of Von Directional, and as such is jointly and severally liable for any award for copyright infringement entered in favor of PDT against Von Directional.

41.     John Slocum is vicariously liable for all acts of copyright infringement committed by Von Directional when he was a co-owner, manager, or member of Von Directional, and as such is jointly and severally liable for any award for copyright infringement entered in favor of PDT against Von Directional.

42.     Defendant Von Energy, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above, and as such is jointly and severally liable for any award against any of the Defendants for copyright infringement.

43.     Defendant Von Directional, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above, and as such is jointly and severally liable for any award against any of the Defendants for copyright infringement.

44.     Defendant IRM, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above, and as such is jointly and severally liable for any award against any of the Defendants for copyright infringement.

45.     Defendant Michael Canada, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above and as such is jointly and severally liable for any award

against any of the Defendants for copyright infringement for those acts occurring during his time in a supervisory role at Von Energy.

46.   Defendant Quinten Bertelsen, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above and as such is jointly and severally liable for any award against any of the Defendants for copyright infringement for those acts occurring during his time in a supervisory role at IRM.

47.   Defendant Jennifer Bertelsen, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above and as such is jointly and severally liable for any award against any of the Defendants for copyright infringement for those acts occurring during her time in a supervisory role at IRM.

48.   Defendant Leslie Corman, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above and as such is jointly and severally liable for any award against any of the Defendants for copyright infringement for those acts occurring during his time in a supervisory role at Von Directional.

49.   Defendant John Slocum, with knowledge of the infringing activities of each of the other Defendants, aided and abetted, caused, materially contributed, and/or induced the acts of direct infringement described above and as such is jointly and severally liable for any award against any of the Defendants for copyright infringement for those acts occurring during his time in a supervisory role at Von Directional.

50.     Pursuant to 17 U.S.C. § 502, PDT is entitled to preliminary and permanent injunctive relief to restrain copyright infringement of the PDT Software, including but not limited to the further reproduction or distribution of the PDT Software.

51.     Pursuant to 17 U.S.C. § 503(b), PDT is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of its exclusive rights as well as the destruction of the equipment used to make the infringing copies of the PDT Software.

52.     Pursuant to 17 U.S.C. § 505, PDT is entitled to recover its costs of court and reasonable attorneys' fees.

## COUNT II:  DMCA § 1201 VIOLATIONS

53.     PDT re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 52 above.

54.     Von Energy and Von Directional each used the Lock Pick before unauthorized uses of the PDT Software.  The Lock Pick would be loaded onto the computer's RAM and provide a virtual HASP key to the PDT Software, thus circumventing PDT technological measures that control access to the PDT Software and protect PDT's rights against unauthorized reproduction and distribution.  Such circumventions occurred each time the PDT Software was run using the Lock Pick, and each time a user used the Lock Pick to run a report from the PDT Software.

55.      Von Energy and Von Directional created and distributed copies of the Lock Pick to their employees to use in pirating the PDT Software, including by imaging computers with both the Lock Pick and the PDT Software and providing such computers to their employees.

They also distributed copies of the Lock Pick and the PDT Software through online storage services such as Dropbox.

56.     The PDT Software are works protected under Title 17, United States Code.

57.     In violation of 17 U.S.C. § 1201(a)(1)(A), Von Energy and Von Directional have each circumvented a technological measure that effectively controls access to the PDT Software by using the Lock Pick to avoid, bypass, remove, deactivate, or otherwise impair the technological measure employed by the PDT Software to prevent unauthorized access.

58.     On information and belief, Von Energy and Von Directional have used the Lock Pick, or directed others to use the Lock Pick, to circumvent a technological measure that effectively controls access to the PDT Software at least 1,500 times.   A summary of each instance of known circumvention is identified in Exhibit E.

59.     In violation of 17 U.S.C. § 1201(a)(2)(A), Von Energy and Von Directional have each created, distributed, provided, and/or trafficked in a product (the Lock Pick) that is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to the PDT Software.

60.     In violation of 17 U.S.C. § 1201(a)(2)(B), Von Energy and Von Directional have each created, distributed, provided, and/or trafficked in a product (the Lock Pick) that has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to the PDT Software.

61.     In violation of 17 U.S.C. § 1201(a)(2)(C), Von Energy and Von Directional have each marketed a product (the Lock Pick) with the knowledge that the Lock Pick was used to circumvent a technological measure that effectively controls access to the PDT Software.

62.     In violation of 17 U.S.C. § 1201(b)(1)(A), Von Energy and Von Directional have each created, distributed, provided, and/or trafficked in a product (the Lock Pick) that is primarily designed or produced for the purpose of circumventing a technological measure that effectively protects PDT's exclusive rights of reproduction and/or distribution of the PDT Software.

63.     In violation of 17 U.S.C. § 1201(b)(1)(B), Von Energy and Von Directional have each created, distributed, provided, and/or trafficked in a product (the Lock Pick) that has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively protects PDT's exclusive rights of reproduction and/or distribution of the PDT Software.

64.     In violation of 17 U.S.C. § 1201(b)(1)(C), Von Energy and Von Directional have each marketed a product (the Lock Pick) with the knowledge that the Lock Pick was used to circumvent a technological measure that effectively protects PDT's exclusive rights of reproduction and/or distribution of the PDT Software.

65.     Von Energy and Von Directional are each liable to PDT for actual damages suffered by PDT and for any profits that are attributable to violations of 17 U.S.C. § 1201.

66.     Alternatively, Von Energy and Von Directional are each liable to PDT for statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(A) of not less than $200 or more than $2,500 for each violation of 17 U.S.C. § 1201.

67.     PDT is also entitled to its reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5).

68.     Michael Canada is vicariously liable for each violation of 17 U.S.C. § 1201 by Von Energy when he was a co-owner, manager, or member of Von Energy and, as such, is

jointly and severally liable for any award under 17 U.S.C. § 1203 entered in favor of PDT against Von Energy.

69.    Leslie Corman is vicariously liable for each violation of 17 U.S.C. § 1201 by Von Directional when he was a co-owner, manager, or member of Von Directional and, as such, is jointly and severally liable for any award under 17 U.S.C. § 1203 entered in favor of PDT against Von Directional.

70.    John Slocum is vicariously liable for each violation of 17 U.S.C. § 1201 by Von Directional when he was a co-owner, manager, or member of Von Directional and, as such, is jointly and severally liable for any award under 17 U.S.C. § 1203 entered in favor of PDT against Von Directional.

71.    Defendant Von Energy, with knowledge of the violations of 17 U.S.C. § 1201 by Von Directional, aided and abetted, caused, materially contributed, and/or induced such violations and, as such, is jointly and severally liable for any award against any of them under 17 U.S.C. § 1203.

72.    Defendant Von Directional, with knowledge of the violations of 17 U.S.C. § 1201 by Von Energy, aided and abetted, caused, materially contributed, and/or induced such violations and, as such, is jointly and severally liable for any award against any of them under 17 U.S.C. § 1203.

73.    Defendant Michael Canada, with knowledge of the violations of 17 U.S.C. § 1201 set forth above, aided and abetted, caused, materially contributed, and/or induced such violations and, as such, is jointly and severally liable for any award under 17 U.S.C. § 1203 for those acts occurring during his time in a supervisory role at Von Energy.

74.    Defendant Leslie Corman, with knowledge of the violations of 17 U.S.C. § 1201 set forth above, aided and abetted, caused, materially contributed, and/or induced such violations and, as such, is jointly and severally liable for any award under 17 U.S.C. § 1203 for those acts occurring during his time in a supervisory role at Von Directional.

75.    Defendant John Slocum, with knowledge of the violations of 17 U.S.C. § 1201 set forth above, aided and abetted, caused, materially contributed, and/or induced such violations and, as such, is jointly and severally liable for any award under 17 U.S.C. § 1203 for those acts occurring during his time in a supervisory role at Von Directional.

## CONDITIONS PRECEDENT

76.    PDT generally avers that all conditions precedent to its rights of recovery have occurred or have been performed, or have been waived or excused by Defendants.

## JURY DEMAND

77.    Pursuant to Federal Rule of Civil Procedure 38, PDT demands trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff PDT respectfully prays that the Court enter Judgment:

A.    Temporarily, preliminarily, and permanently enjoining Defendants, their agents, employees, related companies, and all parties in privity with or acting in concert with them, or any of them, from (a) further infringing the copyrights of PDT in the PDT Software alleged herein, in any manner including but not limited to copying, installing, using, displaying, vending, distributing, offering to sell, selling, shipping, delivering, promoting, or advertising any copies of such works which are the subject of said copyrights, including but not limited to an injunction against Defendants dealing in copies of the PDT Software, or any other items

incorporating any portion of the PDT Software, or causing and/or participating in such copying, installing, using, displaying, distributing, offering to sell, selling, shipping, delivering, promoting, or advertising of copies of such works, and (b) from further engaging in any actions or conduct intended to or designed to circumvent any technological measures that control access to the copyrighted PDT Software, including any use, reproduction, or distribution of the Lock Pick;

B.      Ordering the Defendants to deliver up for destruction all infringing copies of the PDT Software and the Lock Pick in their possession or under of the control of Defendants, and to deliver up for destruction all material implementing such infringing copies, including any source or object code;

C.      Ordering Defendants to pay PDT such damages as Plaintiff sustained in consequence of Defendants' violations, infringements and circumventions of Plaintiff's rights;

D.      Ordering Defendants to pay to Plaintiff its cost of this action and its reasonable attorneys' fees, as the Court may allow; and

E.      Ordering such other and further relief as the Court may deem just and equitable.

Date: October 25, 2017                    Respectfully submitted,

                                          By:  /s/ *Tammy J. Dunn*
                                               Tammy J. Dunn
                                               TX State Bar No. 24045660
                                               SDTX. No. 562006
                                               dunn@oshaliang.com
                                               Louis K Bonham
                                               State Bar No. 02597700
                                               SDTX No. 8300

bonham@oshaliang.com
Califf T. Cooper
State Bar No. 24055345
cooper@oshaliang.com
Suzanne E. Lecocke
State Bar No. 12100735
lecocke@oshaliang.com
OSHA LIANG L.L.P.
909 Fannin Street, Suite 3500
Houston, Texas 77010
713.228.8600 Telephone
713.228.8778 Facsimile

COUNSEL FOR PLAINTIFF